IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Herman C. Newman, | Case No. 4:09 CV 1488 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, Warden, | |
| Respondent. | |

## INTRODUCTION

*Pro se* Petitioner Herman Newman filed a Petition pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner, who is confined at the Federal Correctional Institution Elkton (F.C.I. Elkton) in Lisbon, Ohio, names F.C.I. Elkton Warden J.T. Shartle as Respondent. Petitioner asserts he is entitled to a sentence credit of 11 years, 3 months on his federal sentence for time he spent in state custody.

## BACKGROUND

On April 17, 1997, Virginia sentenced Petitioner to 14 years, 15 months, and 105 days. On October 16, 1997, Petitioner was sentenced to 180 months by District Court Judge James Michael. The judgment and commitment order issued by Judge Michael recommended Petitioner's placement in a facility with a drug treatment program and credit for time served. The order was silent regarding whether Petitioner's federal sentence should run concurrently or consecutively to the state sentence he was already serving.

On the same date Petitioner's state parole term commenced, June 6, 2007, the BOP took him into custody to begin serving the federal sentence imposed on October 16, 1997. The Western Division of Virginia granted Petitioner's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) on June 17, 2008. The decision to reduce Petitioner's sentence from 180 months to 150 months was "based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u) . . ." *U.S. v. Newman*, No. 3:95-CR-0066 (W.D. Va. 1995) (Order of 6/17/08). In response to the court's judgment, Petitioner wrote to the court asking for further modification. The court construed the letter as a request for reconsideration, denied the request, and advised Petitioner to file a request for judicial review of the computation of his credits pursuant to 28 U.S.C. § 2241 if he sought pre-sentence credit on his federal sentence. *Newman*, No. 3:95-CR-0066 (Order of 7/25/08).

Petitioner began to pursue his administrative remedies in November 2008. Alleging the BOP used an "illegal standard" when it reviewed his "complaint," Petitioner asserted a violation of BOP Policy § 5160.05. He alleged his request for *nunc pro tunc* designation should have been sent to the court for a "retroactive designation for concurrent state sentence [and if] 18 U.S.C. § 3584 does not work then 18 U.S.C. 3621(a) should be used" (BOP Req. Admin. Rem. of 11/14/08). An F.C.I. Elkton staff member responded on December 30, 2008, explaining the issue was previously denied by the central office on July 28, 2008, and Petitioner's remaining option was to file in federal court (Doc. No. 1-2 at 1).

Petitioner continued to pursue his administrative remedies. Warden Shartle denied his request, explaining there was no indication the district court wanted to release Petitioner based on time served (Doc. No. 1-2 at 2). Shartle added that if the judge intended to credit the sentence he would have done

2

so at the June 17, 2008 re-sentencing. Instead, Petitioner's release date was simply recalculated to April 26, 2018.

National Inmate Appeals Administrator Harrell Watts believed Petitioner's grievance was already addressed in Central Office Remedy No. 481209-A1. Still, Watts noted the time for which Petitioner was seeking credit was already credited to his state sentence. Moreover, the court did not credit Petitioner's sentence for "time served" when it re-sentenced Petitioner on June 17, 2008. Watts denied the grievance, adding: "any challenge to your sentence, must be addressed through the courts" (Doc. No. 1-2 at 3).

## ANALYSIS

This is Petitioner's second Writ of Habeas Corpus petition pursuant to Section 2241 filed in this Court requesting 11 years credit on his federal sentence. *See Newman v. Lappin*, No. 1:08-CV-2379 (N.D. Ohio filed Oct. 7, 2008). In his prior petition, Petitioner argued he was entitled to federal sentence credit because he was "primarily" in federal custody during the years he served his state sentence. For reasons exhaustively detailed in Judge O'Malley's December 18, 2008 memorandum of opinion, the petition was dismissed on the merits. Petitioner's motion for reconsideration was denied on February 3, 2009.

Petitioner still believes he is entitled to sentencing credit. Arguing he has no available remedy in the sentencing court, Petitioner feels entitled to this Court's habeas review pursuant to Federal Civil Rule 59(e). Citing *E.E.O.C. v. United Assn. of Journeymen*, 235 F.3d 244 (6th Cir. 2000), Petitioner claims "Rule 59(e) vests this Court with the plenary authority ti [sic] revisit the Opinion and vacate the Judgment entered" (Pet. at 5). For the reasons set forth below, Petitioner is not entitled to the relief he seeks.

3

### FEDERAL CIVIL RULE 59(E)

*Journeymen* stands for the following proposition: "[a] judge may enlarge the issues to be considered in acting on a timely motion for a new trial or to alter or amend a judgment." *Journeymen*, 235 F.3d at 250 (emphasis added). A "motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." FED. CIV. R. 59(e). Not only did Petitioner file this action well beyond the jurisdictional time limit, Rule 59(e) does not provide any court jurisdiction to alter a final judgment through a newly filed civil action.

### 28 U.S.C. § 2241
### SAFETY VALVE PROVISION

Petitioner claims he is challenging the execution or manner in which his sentence is being served. This is a matter over which this Court has jurisdiction under 28 U.S.C. § 2241. On closer examination, however, Petitioner seeks relief because he believes he has no other remedy to alter the sentence he serving. This requires application of the safety valve provision of 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

A federal prisoner may bring a Section 2241 claim challenging his conviction or imposition of sentence if it appears that the remedy afforded under Section 2255 is "inadequate or ineffective to test the legality of his detention." *U.S. v. Hayman*, 342 U.S. 205, 223 (1952). Challenges to a prisoner's conviction and sentence may not be pursued under Section 2241, "if it appears that the applicant has failed to apply for relief, by [Section 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner maintains the sentencing court determined §4A1.2 of the Sentencing Guidelines permitted the "inclusion of the state conduct in his federal prosecution, [but] overlooked the necessity

4

of the next step, which involved the 'credit for time served'"[1] (Pet. at 3). First, there is no record the sentencing court made such a determination. Secondly, even if this Court accepted these facts as true, it does not render Petitioner's remedy "inadequate or ineffective." His circumstance suggests he is procedurally barred from pursuing his claim any further. See, *e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (Section 2255 not inadequate or ineffective merely because an individual is unable to obtain relief under that provision). If the sentencing court intended to award him credit for time served, the Order of June 17, 2008 would clearly reflect that fact. It does not. A prisoner's Section 2255 remedy is not considered inadequate or ineffective simply because Section 2255 relief has already been denied (*In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997)), or because the petitioner is procedurally barred from pursuing relief under Section 2255 (*In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)). Therefore, this Court cannot alter, amend, or vacate Petitioner's sentence based on the facts alleged or existing case law.

---

[1] The Guidelines assess criminal history points for "each prior sentence." U.S.S.G. § 4A1.1. "Prior sentences imposed in related cases are to be treated as one sentence. . . ." § 4A1.2(a)(2). Sentences are considered related if they "were consolidated for trial or sentencing." § 4A1.2, comment (n. 3). However, two or more sentences imposed at the same time "are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation." *U.S. v. McComber*, 996 F.2d 946, 947 (8th Cir.1993).

**CONCLUSION**

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 4, 2009